**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AYODELE AKINOLA, | No. 15-16066 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-00222-HDM-WGC |
| v. | |
| DAVID SEVERNS; MIKE PREMO, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, District Judge, Presiding

Submitted March 8, 2017**

Before:     LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Ayodele Akinola appeals from the district court's March 26, 2015 order

dismissing his First Amendment retaliation claim in his 42 U.S.C. § 1983 action

alleging race discrimination in his employment with the State of Nevada's

Department of Transportation.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

review de novo a dismissal under Fed. R. Civ. P. 12(b)(6). *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc). We reverse and remand.

The district court dismissed Akinola's retaliation claim because it did not involve a matter of public concern. However, taking the factual allegations as true, Akinola alleged facts sufficient to show that his complaints about race discrimination, which were directed to a personnel manager and set forth in his earlier lawsuit, involved a matter of public concern. *See Turner v. City & County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (stating the elements of a First Amendment retaliation claim); *Alpha Energy Savers, Inc. v. Hansen*, 381 F.3d 917, 926 (9th Cir. 2004) (declining to adopt view that a "run of the mine single-plaintiff discrimination case" does not meet the public concern test). We reverse and remand for further proceedings on the retaliation claim only.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We deny Defendants-Appellees' motion to take judicial notice (Docket Entry No. 24) as unnecessary.

**REVERSED and REMANDED.**

15-16066