NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 15 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AYODELE AKINOLA, | No. 14-15302 |
| Plaintiff-Appellant, | D.C. No. 3:11-cv-00681-LRH-WGC |
| v. | |
| DAVID SEVERNS, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 9, 2017[**]

Before:     SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Ayodele Akinola appeals pro se from the district court's order dismissing

certain claims in his 42 U.S.C. § 1983 action alleging race discrimination in his

employment with the State of Nevada's Department of Transportation.  We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.[1]  We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Lacey v. Maricopa County*, 693 F.3d 896, 911 (9th Cir. 2012) (en banc).  We affirm.

The district court properly dismissed Akinola's Fourteenth Amendment equal protection claim based on a hostile work environment theory because Akinola failed to allege facts sufficient to show conduct severe or pervasive enough to alter the terms or conditions of his employment.  *See Manatt v. Bank of Am., NA*, 339 F.3d 792, 798-99 (9th Cir. 2003) (setting forth elements of a hostile work environment claim).

After considering Akinola's response to the Order to Show Cause Re: Case Dismissal (Docket Entry No. 41), we decline to consider Akinola's First Amendment retaliation claim because this court already considered this claim in Case No. 15-16066.  *Akinola v. Severns*, --- Fed. App'x ----, 2017 WL 1089547, at *1 (9th Cir. Mar. 23, 2017).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

---

[1]   After considering the parties' responses to the Order to Show Cause Re: Jurisdiction (Docket Entry No. 30), we are satisfied that we have jurisdiction.

14-15302

Akinola's motion for leave to file a late letter brief (Docket Entry No. 38) is granted. The Clerk shall file the letter brief submitted by Akinola on March 1, 2017 (Docket Entry No. 36).

**AFFIRMED.**